IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | Civil Action No. 8:11-944-HMH-KFM |
| Plaintiff, | |
| vs. | |
| Gary L. White, | **O R D E R** |
| Movant, | |
| vs. | |
| Charles LeCroy and Douglas MacFaddin, | |
| Defendants. | |

This matter is before the court on movant Gary L. White's motion to quash subpoena (doc. 1), amended motion to quash deposition subpoena (doc. 10), and motion for extension of time and to stay further proceedings (doc. 31). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**FACTS PRESENTED**

The Securities and Exchange Commission ("SEC") filed a lawsuit in the Northern District of Alabama in November 2009 against two former managing directors of J.P. Morgan Securities. The 116-paragraph complaint alleges the two former managing directors, Charles LeCroy and Douglas MacFaddin, arranged $8.2 million in payments by J.P. Morgan to friends of commissioners in Jefferson County, Alabama, in 2002 and 2003. The payments were to ensure J.P. Morgan won bond underwriting and swap agreement

business from Jefferson County. In some cases, the complaint alleges, LeCroy and MacFaddin arranged the payments at the request of certain commissioners. The complaint alleges LeCroy and MacFaddin violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Exchange Act Rule 10b-5, and Rules G-17 and G-20 of the Municipal Securities Rulemaking Board ("MSRB") (through Exchange Act Section 15B(c)(1)).

Movant White acknowledges that he was a Jefferson County commissioner when all of the payments at issue were arranged and made (m. to quash ¶ 20) (acknowledging he was a commissioner from at least 2002 through 2006). He further acknowledges he was president of the County Commission in 2002 (*id.*). In addition, White was a member of the County Commission finance committee during 2002 and 2003. The SEC contends the finance committee had an instrumental role in awarding County bond and swap business. Thus, the SEC intends to depose White to find out what knowledge, if any, he has of the payments that were arranged during his time as a County commissioner.

The SEC issued a subpoena on February 17, 2011, for White's deposition (SEC resp. to m. to quash, ex. 1 at p. 2). Pursuant to the requirements of Federal Rules of Civil Procedure 45,[1] the SEC issued the subpoena in the District of South Carolina, where White currently is incarcerated and where the deposition will take place. The Edgefield County Sheriff's Office served the subpoena on White on March 10, 2011 (*id.* at p. 3).

---

[1] A subpoena must issue as follows: . . . (B) for attendance at a deposition, from the court for the district where the deposition is to be taken . . . ." Fed. R. Civ. P. 45(a)(2)(B).

2

**APPLICABLE LAW AND ANALYSIS**

Movant White asks that the court quash the deposition subpoena for the following reasons: (1) it subjects him to undue burden; (2) it was improperly served; (3) he was denied his right to legal counsel; (4) he has the right to remain silent; (5) he is incarcerated in South Carolina and thus not under the jurisdiction of the Northern District of Alabama where the subject case is pending; (6) he has been denied medical treatment and suffered abusive conditions of confinement during his incarceration; (7) he would be unable to testify to events in 2002 and 2003; (8) he "has no knowledge of any wrong-doing in connection with the matters addressed in the civil action"; (9) "his previous interactions with federal officials have shown they have no interest in truth or justice"; and (10) "compliance with the subpoena would subject him to threats, coercion, harassment, and intimidation" (m. to quash ¶¶ 1-22).

Federal Rule of Civil Procedure 45(c) sets forth the conditions under which a court must or may quash a subpoena. Generally, it provides that a court *shall* quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The court *must* also quash a subpoena if it: fails to allow a reasonable time to comply, requires a person who is neither a party nor an officer of a party to travel more than 100 miles, or requires disclosure of privileged information. *Id.* 45(c)(3). Under Rule 45, a court *may* quash a subpoena if it requires disclosure of a trade secret, requires disclosure of an unretained expert's opinion, or requires a non-party to incur substantial expense. *Id.* 45(c)(3)(B).

As argued by the SEC, none of those reasons are present here. The subpoena was served on White more than six weeks in advance of the scheduled deposition, the deposition is occurring where White is incarcerated, and White has not showed the deposition will require him to disclose privileged information.

Furthermore, White's multiple objections do not show that the deposition will place an undue burden on him. White complains that the underlying action is pending in the

3

Northern District of Alabama, but that does not require the court to quash the subpoena. As discussed above, the SEC validly issued the subpoena in the District of South Carolina, where the deposition is to occur, as Rule 45(a)(2)(B) requires.  Thus, there are no jurisdictional grounds for the court to quash the subpoena.  White objects to service of the subpoena on the grounds that he was not sure who served it on him (m. to quash ¶¶ 3, 16). However, as the SEC's exhibit 1 shows, an Edgefield County deputy sheriff properly served the subpoena on White (SEC resp. m. to quash, ex. 1).

White further complains that the subpoena should be quashed because he is not a party to the underlying case.  However, Rule 45 specifically provides for service of a subpoena on a non-party.  Although White states the subpoena places an undue burden on him, he does not state any grounds that would justify quashing it.  The vast majority of his complaints in both the motion and amended motion to quash have to do with the conditions of his imprisonment and his prosecution.  Whether true or not, White's assertions about his treatment have nothing to do with the subpoena or his deposition, and he has not shown the subpoena has any bearing on those conditions.

White further complains that he remembers little about his service as a Jefferson County commissioner and that he retains the right to assert his Fifth Amendment privilege against self-incrimination.  Neither of those statements is a reason for the court to prevent the SEC from taking the deposition.  White acknowledges he was a commissioner during the time of the events alleged in the SEC's complaint, and even was president of the County commission during part of that time.  Accordingly, the SEC has the right under the rules providing for broad discovery to question White about those events.  Whether White has any knowledge of the payments, remembers the events, or chooses to assert his Fifth Amendment privilege are matters that cannot be known until the SEC takes the deposition and puts specific questions to White.

The amended motion to quash (doc. 10), which was signed by movant White's wife as "attorney in fact for Gary White," states that since the filing of the original motion the movant "has been delivered by mail and/or has been told of additional subpoenas from the Defendants in this action" (amended m. to quash ¶ 2). On April 14, 2011, this court directed White to provide copies of any and all subpoenas to which he objects on or before April 21, 2011. The only subpoena that has been provided to the court is the SEC's deposition subpoena. Accordingly, it is the only subpoena that will be considered at this time.

On April 21, 2011, a motion for extension of time and to stay further proceedings (doc. 31) was filed by the movant's wife, who again signed the document as "attorney in fact for Gary White." Mrs. White argues that a General Durable Power of Attorney signed by the movant gives her authority to act on the movant's behalf (m. for extension and to stay, ex. 1). Mrs. White is mistaken.

In *Haddock v. Tribute Properties*, the court faced a similar issue and found as follows:

> Plaintiff contends that the filings signed by her sister - including the motion for appointment of counsel - should not be stricken from the record because her sister had been given power of attorney under North Carolina law to act on plaintiff's behalf at the time of those filings. Even so, while a "power of attorney may have conferred certain decision-making rights under state law, ... it does not allow [plaintiff's sister] to litigate pro se on [her] behalf ... in federal court." *In re Radogna*, 331 F. App'x 962, 964 (3d Cir.2009) (per curiam) (unpublished) (citing *Powerserver Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001)): *accord Estate of Keatinge v. Biddle*, 316 F.3d 7, 13-14 (1st Cir.2002) ("In order to effectively exercise the powers granted to him, the holder of a power of attorney may often need to retain counsel. For example, the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor.").

No. 4:09-cv-80-FL, 2010 WL 1525691, at *2 (E.D.N.C. April 15, 2010). Similarly, in *Miller v. Tampa Police Dept.*, the court found:

> The complaint was submitted and signed by Ms. Martin, who is neither the plaintiff in this case nor an attorney licensed by the

5

> Florida Bar. (Doc. # 1). While Mr. Miller may prosecute his claims pro se, "that privilege is personal to him" as a party to this case. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel …."); *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir.1966) (citations omitted).
>
> In other words, Mr. Miller may not allow a non-attorney to exercise that privilege on his behalf, even through a power of attorney. "[A] power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law." *Jacox v. Dep't of Defense*, No. 5:06-cv-182, 2007 WL 118102 (M.D.Ga.2007). This rule applies regardless of whether the non-lawyer representative possessing the power of attorney is a family member of the pro se party. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir.1991); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986).

No. 8:10-cv-487-T-33EAJ, 2010 WL 2854259, at *2 (M.D. Fla. July 21, 2010) (parallel citations omitted). *See also Ross v. Garcia*, Civ. No. 08-619-SLR, 2009 WL 2970328, at *2 (D. Del. Sept. 16, 2009) ("[A] non-lawyer with a power of attorney is not permitted to represent his family members in court.") (citation omitted).

Movant White's wife, who is not an attorney, cannot represent him in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Accordingly, all future filings *must* be signed by the movant.

Furthermore, even if the amended motion to quash and motion for extension of time had been properly signed and filed by the movant himself, the motions are meritless. The amended motion to quash adds nothing to the original motion other than complaints about the movant's treatment in prison, which is irrelevant to the subpoena issue. As discussed above, the amended motion to quash also references other subpoenas, but no such subpoenas have been provided to the court. In the motion for extension of time and to stay, the movant's wife again argues that White is being mistreated in prison and asks

that the court extend the time for the movant's response to this court's April 14th order. In the April 14th order, as discussed above, this court directed White to provide copies of any and all subpoenas to which he objects on or before April 21, 2011, and the only subpoena provided to the court was the SEC subpoena. As the SEC deposition subpoena is for a deposition only days away, extending the time for the movant to address other "potential" subpoenas would not make sense. This court further directed the movant to provide the court with certificates of service showing that the parties to the Alabama case had been served with his filings. While appropriate certificates of service – stating who was served, what document was served, and how the document was served – were never filed by the movant, the SEC did respond to the motions to quash, and thus that issue is moot.

## **CONCLUSION**

Wherefore, based upon the foregoing, the plaintiff's motion to quash (doc. 1), amended motion to quash (doc. 10), and motion for extension of time (doc. 31) are denied. Furthermore, as the movant's wife is not a party to the instant action and cannot represent the movant in this action, the Clerk of Court is directed in the future to accept for filing on the movant's behalf only documents signed by the movant. Lastly, the address listed for the movant on the court docket is the address for the movant's wife. *See White v. Miller et al*, 8:11-cv-144-HMH-KFM.[2] The Clerk of Court is directed to change the movant's address to Register No. 26784-001, FCI Edgefield, P.O. Box 725, Edgefield, SC 29824.

IT IS SO ORDERED.

| | |
|---|---|
| April 22, 2011 | s/Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

---

[2]The court may take judicial notice of its own files and records. *See, e.g., Long v. Ozmint*, 558 F.Supp.2d 624, 628-29 (D.S.C. 2008) (collecting cases).