IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, ) | |
| ) | Civil Action No. 8:11-944-HMH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Gary L. White, ) | **O R D E R** |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| Charles LeCroy and Douglas MacFaddin, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on movant Gary L. White's second amended motion to quash subpoena (doc. 38). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Securities and Exchange Commission ("SEC") filed a lawsuit in the Northern District of Alabama in November 2009 against two former managing directors of J.P. Morgan Securities. The 116-paragraph complaint alleges the two former managing directors, Charles LeCroy and Douglas MacFaddin, arranged $8.2 million in payments by J.P. Morgan to friends of commissioners in Jefferson County, Alabama, in 2002 and 2003. The SEC issued a subpoena on February 17, 2011, for movant White's deposition. Pursuant to the requirements of Federal Rules of Civil Procedure 45,[1] the SEC issued the subpoena in the District of South Carolina, where White currently is incarcerated and where

---

[1] A subpoena must issue as follows: . . . (B) for attendance at a deposition, from the court for the district where the deposition is to be taken . . . ." Fed. R. Civ. P. 45(a)(2)(B).

the deposition will take place. The Edgefield County Sheriff's Office served the subpoena on White on March 10, 2011. The deposition is scheduled to commence tomorrow, April 27, 2011, at 10:00 a.m.

On April 22, 2011, this court denied the plaintiff's original motion to quash and first amended motion to quash. In that order, this court directed that the Clerk of Court should accept for filing only documents signed by the movant, as the movant's wife is not a party to the instant action and cannot represent the movant in this action. On April 26, 2011, the Clerk of Court received a second amended motion to quash that bears the signature "Gary White" dated April 24, 2011. The certificate of service is signed by the movant's wife and also dated April 24, 2011. Further, the motion was mailed to the Clerk of Court from the movant's wife's address in Leeds, Alabama, rather than the movant's address at FCI Edgefield in Edgefield, South Carolina. In the movant's pending civil rights case, he claims that the prison "permanently terminated" any visitation with his wife. *See White v. Miller et al*, 8:11-cv-144-HMH-KFM, comp. at 38.[2] Accordingly, the court notes the near impossibility that the movant signed the motion in prison on the same date that his wife served the document on opposing counsel. Nonetheless, as the deposition is scheduled to commence tomorrow, the court will treat the motion as filed by the movant.

The movant argues that the motion should be quashed because it was signed only by Robert K. Levenson on behalf of the SEC. The movant argues that Mr. Levenson is not admitted to practice in the District of South Carolina or in the Northern District of Alabama, which renders him ineligible under Federal Rule of Civil Procedure 45(a)(3)(B) to issue and sign the subpoena.

---

[2]The court may take judicial notice of its own files and records. *See, e.g., Long v. Ozmint*, 558 F.Supp.2d 624, 628-29 (D.S.C. 2008) (collecting cases).

2

> Rule 45(a)(3)(B) provides:
>
> (3) Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:
>
>> (A) a court in which the attorney is authorized to practice; or
>>
>> (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

Fed.R.Civ.P. 45(a)(3)(B).

As discussed above, the underlying action is pending in the Northern District of Alabama. The Local Rules for the Northern District of Alabama provide as follows:

> (c) Appearance on behalf of United States. Any attorney representing the United States or any agency thereof, having the authority of the government to appear as its counsel, may appear specially and be heard in any case in which the government or such agency is a party, without formal or general admission. An attorney permitted to appear under this subsection is deemed to have conferred disciplinary jurisdiction upon this court for any alleged misconduct arising in the course of, or in preparation for, proceedings in the case, and for purposes of subsection (h) of this Rule the attorney shall be treated as if a member of the bar of this court with respect to acts and conduct in connection with such case.

Local Civil Rule 83.1(c) N.D.Ala.

Based upon the foregoing, Mr. Levenson, as the Regional Trial Counsel for the SEC, is "authorized to practice in the court where the action is pending," and thus under Rule 45(a)(3)(B), his signature on the subpoena was appropriate.

The movant further complains that Mr. Levenson was admitted *pro hac vice* in the District of South Carolina in the instant case several months after the subpoena was issued. The South Carolina case was opened on April 6, 2011, when the movant filed a motion to quash the subpoena now at issue. Thus, at the time the subpoena issued, there

3

was no pending case in which Mr. Levenson could be admitted. Further, there was no need for Ms. Bowens to sign the subpoena, given that there was no action pending at that time in South Carolina.

## **CONCLUSION**

Wherefore, based upon the foregoing, the plaintiff's second amended motion to quash (doc. 38) is denied.

IT IS SO ORDERED.

April 26, 2011                                          s/Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge